UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL R. MYERS,

    Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Defendants.

CASE NO. C09-0031RSL

ORDER REQUIRING MORE
DEFINITE STATEMENT

On January 8, 2009, plaintiff filed a Civil Rights Complaint Under 42 U.S.C. § 1983 (Dkt. # 1). The complaint identifies between thirty-six and ninety-eight defendants, plus "John Does 1 to 100 inclusive."[1] Plaintiff alleges that he has been the subject of constant surveillance since October 2004 and that he was "denied access" when he attempted to file complaints regarding the perceived harassment. In support of these allegations, plaintiff provides a one-page "Preliminary Statement" and a forty-two page diary or journal listing various events dating from December 2002 to December 2008. Plaintiff asserts claims of (1) conspiracy to deny filing of a complaint,

---

[1] It is difficult to determine how many defendants are named because plaintiff sometimes identifies the "defendant," singular, as an employer, its officer(s) or employee(s), and its counsel. For example, plaintiff identifies one defendant as "Port of Seattle; Colleen E. Wilson, Police Chief; Craig R. Watson, Counsel." The Clerk of Court entered only Colleen E. Wilson into the docket as a defendant, but it is possible that plaintiff also intended to sue the Port of Seattle and/or its counsel.

ORDER REQUIRING MORE DEFINITE STATEMENT
PAGE – 1

(2) intentional infliction of emotional distress, (3) denial of police protection, (4) wire tapping, (5) internet and electronic mail monitoring, (6) public harassment, (7) stalking, (8) []reckless endangerment of a minor, and (9) loss of enjoyment and use of property.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." For example, a claim of negligence is properly alleged as follows:

> . . .
>
> 2. On January 1, 2008, in the Redmond Town Square parking lot, defendant negligently drove a motor vehicle against plaintiff.
>
> 3. As a result, plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $8,000.
>
> Therefore plaintiff demands judgment against the defendant for $10,000 plus costs.

Fed. R. Civ. P., Form 11. As required by Rule 8, the claim is "short and plain," and the allegations offered in support are "simple, concise, and direct." Most importantly, this form of complaint informs defendant of the basis of the claim asserted against him: it identifies who is being sued, what defendant is alleged to have done, what the theory of liability is, and what relief is sought. The complaint filed by plaintiff on January 8, 2009, on the other hand, is fashioned in such a way that defendants would have to guess what wrongs they are supposed to have committed and what plaintiff's theory of liability is.

The complaint contains a number of seemingly irrelevant factual assertions that have no obvious connection to unlawful surveillance or the claims asserted in the complaint. For example, plaintiff alleges:

ORDER REQUIRING MORE DEFINITE STATEMENT
PAGE – 2

> April 2006; we received a letter from Mr. Dana Dick (Val-Vue Sewer District) offering 500.00 dollars to create a right of way along the rental house drive. This is the drive adjacent to Mr. Wright's property. I wrote back declining the offer.
>
> August 21st, 2006, notice warning banner does not fade off to reveal log on screen as before. You need to select "OK" before being transferred to sign on screen.
>
> October 12th 2006; just after arriving at the office Mr. Marrs enters the cubicle and without looking at anyone announces with a raised voice "this area has a lot of brain power." He then exits without looking at anyone.
>
> June 2007; make comment to Rebecca Strickland about the fact that her TV is on at 3 AM or so. She states that she forgot to turn it off. I point out that she has a timer and should use it. She continues to leave TV on.
>
> I notice that we are waking up at 3:30 AM most consistently. Both of us wake simultaneously. I feel completely awake and cannot return to sleep.
>
> December 16th 2008, 7 PM renter Debra Rolfe calls house explaining that she is having furnace problems. The problem is a dead battery in the thermostat. I explain how to fix it and wait. She asked how I am and my response is fine. My tone is distant and the conversation ends. At 8 PM TIVO automatically depowers and does not repower for 59 minutes. The result was not recording the two shows I like at the 8 PM time slot.

Complaint at pp. 5, 7, 10, 20, 33, and 42. Of the many allegations that do have something to do with surveillance or monitoring, it is not clear whether plaintiff is actually asserting a claim related to such allegations. For example, plaintiff alleges:

> November 8th 2008; while shopping at Fred Meyer (Renton) I receive one of the casual walk bys. The gentleman makes his presence known and smiles but I do not return the salutation. Upon check out, the self checkout terminal freezes for an unknown reason.

Complaint at p. 17. Fred Meyer and two of its managers are identified as defendants in the complaint. It is possible that this allegation is aimed at them, but it is also possible

ORDER REQUIRING MORE DEFINITE STATEMENT
PAGE – 3

that the unidentified gentleman is one of the John Doe defendants. Regardless of the identity of the wrongdoer, it is not clear whether plaintiff is asserting that public presence and a smile give rise to liability or whether this passage is offered to highlight the terminal problems. Finally, it is unclear which, if any, of the claims asserted in the complaint are supported by this allegation. Thus, despite the pages and pages of "facts" included in the complaint, defendants would have to guess – or initiate burdensome discovery to determine – who is being sued, for what relief, and on what theory.

In addition to asserting facts that are not specifically linked to defendants' legal liability, the complaint also asserts claims that have no supporting allegations. For instance, plaintiff alleges a "conspiracy to deny filing of a complaint" and "[]reckless endangerment of a minor." The Court is unable to discern any factual allegations tending to show an agreement or meeting of the minds by defendants to deny plaintiff access to the courts or linking any of the defendants to endangerment of a minor. Nor is it clear what relief plaintiff seeks from each defendant: all of the actions listed in the complaint under "Relief" are to be performed by the Department of Homeland Security, which is implicated in this complaint only because its Secretary has been identified as a defendant.

> Prolix, confusing complaints such as the one[] plaintiff[] filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiff[] filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiff[] will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that *res judicata* effects of settlement or judgment will be different from what they reasonably expected. . . . The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiff[] to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials,

1 |     prejudicing litigants in other cases who follow rules, as well as defendants in the case in which the prolix pleading is filed.

McHenry v. Renne, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

    For all of the foregoing reasons, plaintiff is hereby ORDERED to file on or before **February 23, 2009**, an amended complaint which clearly and concisely explains how each defendant is alleged to have violated plaintiff's legal rights. The current form of the complaint – a list of defendants, followed by a list of claims, followed by a list of facts – is insufficient in that it does not notify defendants of the claims being asserted against them and the factual basis thereof. The key to filing an acceptable amended complaint will be linking plaintiff's factual allegations to a particular defendant and explaining how those facts support one or more of the claims asserted.

    Defendants need not respond to the complaint filed on January 8, 2009, unless otherwise ordered by the Court.

    Dated this 20th day of January, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge