UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL R. MYERS,

    Plaintiff,

v.

GEORGE W. BUSH, *et al.*,

    Defendants.

CASE NO. C09-0031RSL

SECOND ORDER
REQUIRING MORE
DEFINITE STATEMENT

On January 8, 2009, plaintiff filed a Civil Rights Complaint Under 42 U.S.C. § 1983. Dkt. # 1. The complaint did not inform any of the numerous defendants of the basis of the claim asserted against him or her. Many of the factual assertions had no obvious connection to the claims alleged or were ambiguous regarding the theory of liability. Plaintiff was ordered to amend his complaint to "clearly and concisely explain[] how each defendant is alleged to have violated plaintiff's legal rights." Dkt. # 8 at 5. Plaintiff was informed that "[t]he key to filing an acceptable amended complaint will be linking plaintiff's factual allegations to a particular defendant and explaining how those facts support one or more of the claims asserted." Id.

On February 23, 2009, plaintiff timely proposed an amended complaint. The Court has painstakingly compared the original complaint to the proposed pleading and finds that the deficiencies identified in the order of January 20, 2009, have not been

SECOND ORDER REQUIRING MORE
DEFINITE STATEMENT      PAGE – 1

remedied. Plaintiff has deleted more than forty entries from his diary-like factual statement and has rewritten a dozen other entries. In addition, he has abandoned the strict chronological approach of the first complaint and attempted to group allegations together. See, e.g., Dkt. # 17 at 29-30 (compiling allegations related to Home Depot). Plaintiff also included new allegations in an effort to clarify the relevance of certain events. For example, the original complaint alleged that defendant Boeing Employees Credit Union ("BECU") terminated plaintiff's electronic access to his bank account when his ATM card expired. Dkt. # 1 at 8. In the proposed amended complaint, plaintiff adds that "Reactivation of electronic service required use of Social Security number." Dkt. # 17 at 6.

Such amendments do not, however, assist defendants in figuring out how their alleged actions are supposed to have violated the law. Using the allegations against BECU as an example, plaintiff has alleged nothing more than normal banking activities. He has not asserted, much less alleged facts plausibly suggesting, that these activities were unlawful. See Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) (applying plausibility standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), to *pro se* pleading). The transactions appear totally innocent, yet their inclusion in both versions of the complaint suggests that these events upset plaintiff in some way. It is possible that he objects to the expiration of his ATM card, to the termination of his electronic access, to providing his social security number to the bank, or to an unjustified request for information. Whatever plaintiff thinks these allegations show, it is not clear to the Court and would not be clear to defendants.

Taken as a whole, the proposed complaint implies a grand conspiracy to spy on and harass plaintiff without ever alleging as much. Plaintiff does not allege that any of the specific events recited were unusual or in and of themselves illegal. He reports, for example, that his renter led him on an unnecessary search for a water leak

1 and that she laughingly admitted she had left a faucet on when he attempted to
2 reimburse her for her high water usage. Dkt. # 17 at 14 and 16. He also reports that his
3 e-mail service is unreliable (Dkt. # 17 at 16) and that Montana State University sent him
4 mail using his wife's last name (Dkt. # 17 at 25). The reader is apparently supposed to
5 understand that such events do not happen in the normal course of things and to assume
6 that some nefarious force or will is coordinating these seemingly disparate events.
7 While such conduct can be aggravating, it is not illegal. Plaintiff makes no effort to
8 explain why he believes the offending conduct is part of an unlawful scheme to monitor
9 and harass him. There are no general allegations of a conspiracy and no specific
10 allegations linking defendants together in furtherance of an unspecified but illegal goal.

11 Plaintiff will be given one last opportunity to cure the deficiencies in his
12 pleading. Again, "[t]he key to filing an acceptable amended complaint will be linking
13 plaintiff's factual allegations to a particular defendant and explaining how those facts
14 support one or more of the claims asserted." Dkt. # 8 at 5. Plaintiff has identified
15 thirty-two defendants plus six John Does. The Court strongly encourages plaintiff to
16 restructure his complaint so that the factual allegations, legal claims, and requests for
17 relief relating to each defendant are separately stated. Plaintiff's factual allegations
18 against a defendant must be enough to show that he has more than a speculative right to
19 relief against him or her: plaintiff must allege plausible grounds to infer that
20 defendant's conduct was actionable. Twombly, 127 S. Ct. at 1965. Absent an
21 acceptable complaint, this action will be dismissed.

23 For all of the foregoing reasons, plaintiff is hereby ORDERED to file on
24 or before **April 3, 2009**, a proposed second amended complaint which cures the
25 deficiencies identified herein and clearly and concisely explains how each defendant is
26 alleged to have violated plaintiff's legal rights. Defendants need not respond to the

1 | amended complaint or any proposed complaint submitted hereafter unless otherwise
2 | ordered by the Court.

Dated this 2nd day of March, 2009.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge